TOM MERCER AND WESLEY MOBLEY, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Under Section 1101, Revised Statutes, permitting a party producing a witness to impeach him when he proves adverse, a witness can not be impeached as to his statements when he simply fails to testify to beneficial facts that were expected from him, and when he states nothing that is prejudicial to the party who offers him.

2. When the testimony authorizes it the court commits no error in instructing the jury that a necessity brought about by a party who acts under its compulsion can not be relied upon to justify his conduct. The aggressor in a personal difficulty, and not reasonably free from fault, can not acquit himself of liability for its consequences on the ground of self defense, unless after

having begun the difficulty he in good faith declines the combat and his adversary becomes the aggressor.

3. The verdict in this case is sustained by the evidence.

Writ of error to the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*Wall & Stevens*, for Plaintiffs in Error.

*The Attorney General*, for Defendant in Error.

MABRY, J.:

Plaintiffs in error were jointly indicted for the murder of John Lowe, the one as principal in the first degree in committing the crime, and the other as principal in the second degree in being present aiding and abetting in the commission of the felony. They were convicted of the crime charged, with a recommendation of mercy, and sued out a writ of error to this court.

The first four assignments of error relate to the exclusion of certain evidence offered by the defendants. Alice Alderman, a daughter of the deceased, was present when he was shot and killed on his place early in the morning, and the State examined her as to the circumstances of the killing. She was asked on cross-examination if she did not tell her husband that day that her father had a pistol in his hand, and she denied making such statement. The defendants summoned and introduced the husband, Thomas Alderman, who testified that he was at the house of John Lowe the evening of the day he was killed. He was asked on direct examination if his wife did not during that day tell

him that her father had a pistol when he was shot, and his reply was "not that I remember of." He was then asked if he did not tell Adam Mercer there that day that his (witness') wife told him that her father had a pistol when he was shot? This question was objected to by the State on the ground that it was irrelevant, and defendants could not impeach their own witness by proving contradictory statements he had made. Counsel for the defence then stated to the court that he proposed to show by Adam Mercer, a witness for both parties, that the witness Alderman did make to him, Mercer, the statement about the pistol suggested in the question propounded to Alderman. The bill of exceptions states that it appeared to the court that witness had been summoned for the defence and counsel had not shown that he had ever spoken to the witness; also that counsel for the defence stated he had sent Adam Mercer to the witness since the trial began, and Mercer had informed counsel that Alderman had repeated the statement as to what his wife said about her father having a pistol. Counsel for defendants tendered the witness Mercer and proposed to prove by him the facts stated in the offer. The State further objected on the ground that Alderman was not a witness to any material fact in the case, and while the proposed testimony might be relevant to the wife, it was not as to the husband, who was not a witness to the transaction. The court excluded the proposed testimony, and defendants excepted.

Section 1101, Revised Statutes, provides that "a party producing a witness shall not be allowed to impeach his credit by general evidence of bad character, but he may, in case the witness prove adverse, contradict him by other evidence, or prove that he has made at other times a statement inconsistent with his present testimony; but before such last mentioned proof can be

given, the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to the witness, and he must be asked whether or not he made such statement." It is said in Montgomery v. Knox, 23 Fla. 595, 3 South. Rep. 211, that the statute was little more than declaratory of the rule as it existed before. Passing over the question as to whether the witness in the instant case had proved adverse within the meaning of the statute (Greenough v. Eccles, 5 Jurist (N. S. 766), we are of the opinion that the court did not err in rejecting the proposed evidence. The witness Alderman did not testify to a single fact favorable or unfavorable to either side. He was put upon the stand for the avowed purpose of contradicting the statement of his wife, a witness for the State, that she did not tell him her father had a pistol in his hand when he was shot. When the defendants failed to obtain the desired testimony from their own witness, they proposed to impeach him in reference to a matter that was irrelevant and immaterial, so far as the real issue was concerned. Suppose the jury had believed that the witness Thomas Alderman was entirely unworthy of belief, what advantage was it to the accused? The witness had not deposed to a single fact upon which the jury could base an adverse finding as to them. The rule never permitted a party to adduce evidence irrelevant, and otherwise inadmissible, for the sole purpose of discrediting his own witness, and we do not think the statute was designed to confer any such right. Adams v. State, 34 Fla. 185, 15 South. Rep. 905; Regina v. Ball, 8 Car. & P. 745; People v. Jacobs, 49 Cal. 384; Smith v. Price, 8 Watts (Pa.), 447; Commonwealth v. Welsh, 4 Gray, 535; Commonwealth v. Sarkweather, 10 Cush. 59. As it sufficiently appeared to the court that the object of the proposed questions was to impeach the

defendants' own witness as to matters immaterial and irrelevant, we are of the opinion that there was no error in excluding them.

In the introductory part of the charge to the jury the court stated that *"the defendant Tom Mercer is charged by the indictment in this case as principal in the first degree in the killing of one John Lowe, and that the defendant Wesley Mobley being present when his codefendant killed the said John Lowe, knowing the unlawful and premeditated design of the said Tom Mercer in the killing of the said John Lowe, did aid and abet him in the murder of the said Lowe as principal in the second degree.* Said indictment having been read to the said defendants, and being required to plead thereto, each of said defendants said that he was not guilty as charged in said indictment. Whether the defendants or either of them are guilty as charged in the indictment is the issue you are to try." In an exception in a motion for a new trial to the portion of the statement italicised, defendants left out the word "that" in the third line where it is stated "and that the defendant Wesley Mobley," &c., and now contend that by the omission of said word the court plainly said to the jury that Wesley Mobley was present when his codefendant killed Lowe, and did aid and abet in the murder as principal in the second degree. It is conceded in the brief that if the word "that" had been used, the statement would have been unobjectionable. A casual examination of the statement of the court to the jury shows that the entire objection made to it is based upon a supposed omission or defect that does not in fact exist. The court simply stated to the jury the issue they were to try, and the objection sought to be brought against it is without any foundation.

The court instructed the jury "that a necessity

brought about by parties who act under its compulsion can not be relied upon to justify their conduct. The aggressors in a personal difficulty, and not reasonably free from fault, can not acquit themselves of liability for its consequences on the ground of self-defence, unless after having begun the difficulty they in good faith decline the combat and their adversary had become the aggressor." Counsel for the accused admit that the statement of the charge contains a correct abstract proposition of law (Lovett v. State, 30 Fla. 142, 11 South. Rep. 550), but they contend that it was error in this case because the facts did not authorize it. We are of opinion that the facts did authorize the charge, as the jury might well have concluded therefrom, as no doubt they did, that the accused went to Lowe's house armed for the express purpose of bringing on a deadly conflict with Lowe's sons.

We are of the opinion that the testimony amply sustains the verdict against both of the defendants, and the court did not err in refusing to set it aside and grant a new trial. This disposes of all the points properly arising on the record.

Some assignments of error are made that the court erred in not directing an acquittal for Mobley, and in not more fully defining a reasonable doubt, but no requests were made by defendants to charge on these subjects and they deserve no notice. Lovett v. State, *supra*.

There being no error on the assignments of error presented and properly arising on the record, the judgment will be affirmed, and it is so ordered.